IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH KENDRICK; JOE CHAULKLIN,<br><br>        Plaintiffs,<br><br>    vs.<br><br>PLANNING DEPARTMENT OF THE COUNTY OF KAUAI; SEAN MAHONEY, in his official capacity as Chairperson of the Planning Commission; PLANNING COMMISSION OF THE COUNTY OF KAUAI,<br><br>        Defendants. | Civ. No. 19-00024 HG-KJM |

**ORDER ABSTAINING PURSUANT TO THE <u>BURFORD</u> DOCTRINE AND REMANDING PROCEEDINGS TO THE CIRCUIT COURT FOR THE FIFTH CIRCUIT, STATE OF HAWAII**

Plaintiffs Joe Chaulklin and Elizabeth Kendrick own a transient vacation property located in Hawaii at 4176 Anahola Road, on the island of Kauai, TMK No. (4) 4-8-007:002 ("Subject Property").

For a number of years, Plaintiffs held a Non-Conforming Use Certificate for the Subject Property in order to operate their property as a transient vacation rental in the County of Kauai.

On December 15, 2017, the Planning Department of the County of Kauai sent Plaintiffs a letter stating that the Plaintiffs "forfeited" their Non-Conforming Use Certificate due to their

1

failure to file a timely renewal application by December 12, 2017.  The letter also ordered Plaintiffs to cease and desist the transient vacation rental use of the Subject Property.

On December 21, 2017, nine days after the December 12 deadline, Plaintiffs filed an application to renew their Non-Conforming Use Certificate.  The Planning Department of the County of Kauai denied the application as untimely.

Plaintiffs filed an appeal of the Planning Department's decision and a hearing was held before a Hearings Officer with the Planning Commission for the County of Kauai.

On November 20, 2018, the Planning Commission affirmed the decision of the Planning Department of the County of Kauai finding Defendants forfeited their Non-Conforming Use Certificate due to the untimely filing of their renewal application.

On December 20, 2018, Plaintiffs filed an appeal of the Planning Commission's decision in the Circuit Court of the Fifth Circuit, State of Hawaii.

On January 17, 2019, the Planning Department, the Planning Commission of the County of Kauai, and its Chairperson removed the appeal from state court to this Court on the basis of diversity jurisdiction.

Plaintiffs' appeal to the Federal Court involves complicated questions of state law concerning the Hawaii State Zoning Enabling Act, Haw. Rev. Stat. § 46-4, and the Kauai County

Comprehensive Zoning Ordinances, Kauai County Code § 8-13, et seq.

The Court invokes the doctrine of abstention pursuant to Burford v. Sun Oil Co., 319 U.S. 315, 317-18 (1943). The Court declines to rule on complicated issues of state and local law arising out of a complicated county and state regulatory scheme.

The Court **REMANDS** proceedings to the Circuit Court of the Fifth Circuit, State of Hawaii.

## **PROCEDURAL HISTORY**

On December 20, 2018, Plaintiffs Elizabeth Kendrick and Joe Chaulklin filed a NOTICE OF APPEAL TO CIRCUIT COURT in the Circuit Court of the Fifth Circuit, State of Hawaii. (ECF No. 1-1).

On January 17, 2019, Defendants Planning Department of the County of Kauai, Planning Commission of the County of Kauai, and Donna Apisa, in her official capacity as Chairperson of the Planning Commission filed a NOTICE OF REMOVAL. (ECF No. 1).

On March 28, 2019, Plaintiffs filed the RECORD ON APPEAL. (ECF No. 11).

On May 3, 2019, the Magistrate Judge issued a briefing schedule. (ECF No. 12).

On May 7, 2019, Plaintiffs filed the Opening Brief. (ECF No. 13).

On June 17, 2019, Defendants filed the Answering Brief. (ECF No. 14).

On July 17, 2019, the Plaintiffs filed a Reply Brief. (ECF No. 16).

On October 22, 2019, the Magistrate Judge held a status conference and ordered the Parties to file supplemental briefing. (ECF No. 21).

On November 6, 2019, Defendants filed their Supplemental Brief. (ECF No. 25).

On the same date, Plaintiffs filed their Supplemental Brief. (ECF No. 26).

On December 19, 2019, the Court held a hearing. (ECF No. 28). At the hearing, Sean Mahoney, in his official capacity as Chairperson of the Kauai Planning Commission, was substituted as a Party for former Chairperson Donna Apisa. (Id.)

On January 14, 2020, Plaintiffs filed their Supplemental Brief on Abstention. (ECF No. 30).

On the same date, Defendants filed their Supplemental Brief on Abstention. (ECF No. 31).

## BACKGROUND

In 2008, the County of Kauai amended the Kauai County Code in order to require registration of certain vacation rental properties with the County. (Record on Appeal ("ROA") at 45, ECF

No. 11). The Kauai County Code required anyone who had been operating a single-family property as a transient vacation rental to obtain a permit from the County. (ROA at 53). A transient vacation rental is a single-family home that is rented to visitors staying for a duration of 180 days or less. (ROA at 47).

The County also designated specific visitor destination areas on the island and sought to limit transient vacation rentals to those areas. (Id.)

The County provided an exception for transient vacation rental owners whose property was not located in a visitor destination area. (ROA at 53-55). The exception allowed such owners to obtain a permit to continue renting their properties as transient vacation rentals as long as their rentals were operating lawfully before the 2008 amendment was implemented. (Id.)

The amendment to the Code required the owners to register their transient vacation rental properties located outside the visitor destination areas to obtain a "Nonconforming Use Certificate." (Id.) In order to obtain the certificate, the owners were required to register their properties with the Planning Department of the County of Kauai and to renew their certifications annually. (Id.)

Plaintiffs Joe Chaulklin and Elizabeth Kendrick own a

property they have used as a transient vacation property, located at 4176 Anahola Road, on the island of Kauai, TMK No. (4) 4-8-007:002 ("Subject Property").  (ROA at 450).

The property is located outside of a visitor designated area as set forth in the Kauai County Code §§ 8-17.3, 8-17.8.  (ROA at 450).

Prior to the amendment to the Kauai County Code in 2008, Defendants had lawfully operated their property as a transient vacation rental.  (Id.)  Pursuant to the amendments to the County Code, the Plaintiffs obtained a Non-Conforming Use Certificate for the Subject Property to continue to operate their property as a transient vacation rental.  (Id.)

Plaintiffs obtained valid Non-Conforming Use Certificates until December 12, 2017.  (ROA at 94-97)  The Parties dispute the date by which Plaintiffs were required to file a renewal of their Non-Conforming Use Certificate.

Defendants assert Plaintiffs were required to file their application by December 12, 2017.  Plaintiffs claim that pursuant to the Planning Department's 2014 Interpretive Rules, a 30-day grace period was in effect that allowed them to file the application until January 12, 2018.  (ROA at 75).

On December 15, 2017, the Planning Department of the County of Kauai sent Plaintiffs a letter finding the Plaintiffs forfeited their Non-Conforming Use Certificate due to their

6

untimely renewal application pursuant to the Department's 2017 Interpretive Rules that eliminated the 30-day grace period. (ROA at 104). The letter also ordered Plaintiffs to cease and desist the transient vacation rental use of the Subject Property. (Id.)

On December 21, 2017, nine days after the deadline, Plaintiffs filed an application for renewal of the expired Non-Conforming Use Certificate. (ROA at 103). The Planning Department of the County of Kauai denied the application as untimely. (ROA at 106).

Plaintiffs filed an appeal of the Planning Department's decision and had a hearing before a Hearings Officer with the Planning Commission for the County of Kauai. (ROA at 20).

On November 20, 2018, the Planning Commission affirmed the decision of the Planning Department of the County of Kauai finding Defendants forfeited their Non-Conforming Use Certificate due to the untimely filing of a renewal application. (ROA at 448).

On December 20, 2018, Plaintiffs filed an appeal of the Planning Commission's decision affirming the decision of the Planning Department in the Circuit Court of the Fifth Circuit, State of Hawaii. (ROA at 473).

Plaintiffs' appeal claims that the Planning Commission violated the Hawaii State Zoning Enabling Act, Haw. Rev. Stat. § 46-4, and the Kauai County Comprehensive Zoning Ordinances, Kauai

7

County Code § 8-13, et seq.

Plaintiffs also argue that the Commission violated their vested property rights pursuant to both Art. I, § 5 of the Hawaii State Constitution and the Taking Clause of the Fifth Amendment to the United States Constitution.

On January 17, 2019, the Planning Department and Planning Commission of the County of Kauai removed the appeal from state court to this Court on the basis of diversity jurisdiction.

This case is one of seven consolidated cases that were decided together by the Kauai Planning Commission.  The cases were consolidated before the Planning Commission because they all involved decisions relating to the state regulatory process and Kauai county regulations concerning homeowners' nonconforming use transient vacation rentals.  The Planning Commission decided in favor of the County in each of the seven consolidated cases.  Each of the homeowners appealed the Planning Commission's ruling to the Circuit Court of the Fifth Circuit, State of Hawaii.

The Fifth Circuit Court is the only court designated to hear appeals from decisions by the Kauai Planning Commission.  Six of the cases were decided by the Fifth Circuit Court.  This appeal was removed from the Fifth Circuit Court to the Federal Court.

## **ANALYSIS**

Defendants Planning Department of the County of Kauai,

Planning Commission of the County of Kauai, and Donna Apisa, in her official capacity as Chairperson of the Planning Commission filed a Notice of Removal from the Circuit Court of the Fifth Circuit, State of Hawaii. (Notice of Removal, ECF No. 1).

Defendants removed the Plaintiffs' Notice of Appeal from Hawaii State Circuit Court for the Fifth Circuit in Civil No. 18-1-0190, seeking review of a Findings of Fact, Conclusions of Law, and Decision and Order of the Planning Commission of the County of Kauai, entered on November 20, 2018. (Id. at ¶ 3).

Removal was authorized based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. This Court has subject-matter jurisdiction to review the appeal from the Order of the Planning Commission of the County of Kauai. See BNSF Ry. Co. v. O'Dea, 572 F.3d 785, 790 (9th Cir. 2009) (finding the federal district court has subject-matter jurisdiction to review an on-the-record review of a state administrative decision).

### A. Burford Abstention

Abstention from the exercise of subject-matter jurisdiction is the exception, not the rule. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. Id. at 817. Abstention doctrines

constitute extraordinary and narrow exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996).

The United States Supreme Court has identified several carefully delineated categories of cases where a federal court has discretion to abstain from exercising its jurisdiction. New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 359 (1989).

Burford abstention is recognized where a case involves complex questions of state or local law administered by administrative agencies, which are subject to timely and adequate state court review. See Burford v. Sun Oil Co., 319 U.S. 315, 334 (1943). Burford abstention allows federal courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme. United States v. Morros, 268 F.3d 695, 705 (9th Cir. 2001).

The United States Supreme Court has explained that a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies when there are difficult questions of state law bearing on policy problems of substantial public import; or where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. New Orleans

10

Pub. Serv., Inc., 491 U.S. at 361 (internal quotations omitted).

The District Court sits in equity in this matter as there is no request for damages. Rather, this case involves the appeal of an administrative decision from the County of Kauai, seeking declaratory and injunctive relief. The Hawaii State Courts provide for timely and adequate review of the decision from the Planning Commission for the County of Kauai. Haw. Rev. Stat. § 91-14(b) (providing for judicial review of agency decisions in Hawaii state court).

There can be no dispute that this case involves difficult questions of state and local law that bear on policy problems of substantial importance. Cases have repeatedly held that questions involving local land and zoning law are classic examples of situations where Burford should apply and "federal courts should not leave their indelible print on local and state land use and zoning laws by entertaining these cases and ... sitting as a zoning board of appeals." Pomponio v. Fauquier Cty. Bd. of Supervisors, 21 F.3d 1319, 1327 (4th Cir. 1994) (en banc), overruled in part on other grounds in, Quackenbush, 517 U.S. at 728-31; Rucci v. Cranberry Twp., Pa., 130 Fed. Appx. 572, 577 (3d Cir. 2005) (affirming a district court's decision to apply Burford abstention to a challenge to municipal planning code and eminent domain procedures).

This case involves land use questions that are of particular

11

concern to the County of Kauai and the State of Hawaii. There are difficult questions of state and local land use law present in this case and federal intervention could be disruptive of the efforts to establish coherent policies and procedures with respect to a matter of public concern. Quackenbush, 517 U.S. at 726-27; Virdis Dev. Corp. v. Bd. of Supervisors of Chesterfield Cnty., Va., 92 F.Supp.3d 418, 423-24 (E.D. Va. 2015) (abstaining from review of a plaintiff's challenge to the county board of supervisors' zoning decision pursuant to Burford abstention); see La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 29 (1959) (federal court interpretation of state zoning law is merely a "dubious and tentative forecast").

**B.   Burford Abstention Factors**

The Ninth Circuit Court of Appeals has set forward additional factors for the District Court to consider in evaluating Burford abstention:

(1)  whether the state has concentrated suits involving the local issue in a particular court;

(2)  whether the federal issues are easily separable from the complicated state law; and,

(3)  whether federal review might disrupt state efforts to establish coherent policy.

Kirkbride v. Cont'l Cas. Co., 933 F.2d 729, 734 (9th Cir. 1991).

All three factors are present in this case and support

abstention.

### 1. Local Issue Concentrated In A Particular Court

There are a concentration of lawsuits challenging the local and state laws at issue in this case before the Circuit Court for the Fifth Circuit, State of Hawaii.

The Kauai Planning Commission is responsible for hearing challenges to Kauai County Planning Department's decisions regarding its zoning laws. All appeals from decisions by the Kauai Planning Commission are heard by the Circuit Court of the Fifth Circuit, State of Hawaii.

The issues relating to vacation rentals and the State and Counties' abilities to regulate short-term renting of homeowners' properties is a topic of immense debate within the State of Hawaii and Kauai County. The policy implications for the specific Counties continues to be an important issue for both the citizens of Hawaii and local government entities.

Here, the Fifth Circuit Court has devoted considerable effort to understanding the complex state and county laws and regulations concerning Non-Conforming Use Certificates and homeowners' ability to operate short-term vacation rentals on Kauai. The Fifth Circuit Court has issued numerous rulings on the laws that are central to this case.

Plaintiffs explain in their Supplemental Brief that this

13

case was one of seven cases that arose from Planning Commission decisions concluding that the property owners' lawful nonconforming vacation rentals were "forfeited." (Pla.'s Supp. Brief at p. 2, ECF No. 26). This case was one of seven cases consolidated before the Planning Commission for the County of Kauai that were all appealed to the Circuit Court for the Fifth Circuit, State of Hawaii. The remaining six cases have been ruled upon by the Fifth Circuit Court.

The issue for the Federal Court is whether there is a basis for abstention given that this is the lone appeal removed to Federal Court. The Fifth Circuit Court has evaluated the local policy concerns and sought to develop uniformity in assessing the Kauai government's efforts to regulate short-term vacation rentals. The Fifth Circuit Court is the only State court deciding the direct appeals from the decisions by the Kauai Planning Commission regarding short-term vacation rentals.

The concentration of these similar cases on matters of extreme local importance in the Fifth Circuit Court supports the Federal Court abstaining from jurisdiction. The Fifth Circuit Court routinely rules on the application of the complicated local and state regulatory scheme regarding nonconforming use certificates. This is the unique type of case for which <u>Burford</u> abstention is appropriate.

The Ninth Circuit Court of Appeals has held that the <u>Burford</u>

doctrine favors abstention in cases such as this where the case is part of a set of consolidated cases pending before the same state court on an issue of local importance. Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 297 (9th Cir. 1996) (finding abstention appropriate where cases were consolidated in the California Superior Court).

### 2. Federal Issues Are Not Easily Separable From Complicated Local And State Law

The appeal concerns findings by the Planning Commission for the County of Kauai that Plaintiffs "forfeited" their right to rent their home as a vacation rental because of their purported failure both to timely apply for a renewal of a Non-Conforming Transient Certificate and to pay the fees in full.

Plaintiffs argue that the Planning Commission's decision violates the Hawaii State Zoning Enabling Act, Haw. Rev. Stat. § 46-4, and the Kauai County Comprehensive Zoning Ordinances, Kauai County Code § 8-13, et seq. (Pla.'s Opening Brief at p. 14, ECF No. 13).

Plaintiffs also argue that the Commission's decision violates their vested property rights pursuant to both Art. I, § 5 of the Hawaii State Constitution and the Fifth Amendment to the United States Constitution. (Id. at p. 25).

Plaintiffs' federal claim is limited to a challenge based on the Taking Clause of the Fifth Amendment to the United States

15

Constitution. The Ninth Circuit Court of Appeals has explained that Burford abstention is appropriate where a plaintiff's federal "Taking" claim pursuant to the Fifth Amendment is conjoined with difficult and unresolved state law questions. Fireman's Fund Ins., 87 F.3d at 297 (finding Burford abstention appropriate where state and federal issues conjoined in challenge to state regulations on federal takings grounds).

Plaintiffs' sole federal claim is intertwined and entirely dependent upon resolution of their challenges to the Hawaii State Zoning Enabling Act and the Kauai County Ordinances. The difficult and unresolved questions of state and local law that are conjoined with Plaintiffs' federal claim favors abstention. MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 282-83 (4th Cir. 2008) (finding Burford abstention appropriate because plaintiff's claim that the town's rezoning laws violated his federal substantive due process rights was merely "state law in federal clothing" because the outcome was entirely dependent on his challenges to the local land use and zoning laws) (citing Johnson v. Collins Entm't, 199 F.3d 710, 721 (4th Cir. 1999)); In re Condemnation by Pa. D.O.T., 2018 WL 4100032, *5 (W.D. Pa. Aug. 28, 2018) (finding Burford abstention appropriate where federal takings claim was intertwined with challenge to state eminent domain statute).

16

### 3. Federal Review Might Disrupt Local Policy

Courts have routinely held that federal review of state administrative decisions involving local land use and zoning laws would be disruptive of local government's efforts to establish a coherent policy with respect to a matter of public concern. MLC Auto., LLC, 532 F.3d at 284. In MLC Automotive, LLC, the Fourth Circuit Court of Appeals affirmed the district court's decision to abstain pursuant to Burford from a case brought by a commercial property owner challenging the town's rezoning of his property, which prevented him from locating a car dealership on the land. Id. The appellate court found that federal courts' involvement in local zoning and land use decisions might disrupt local policy. The appellate court stated that land use and zoning questions "are the peculiar concern of local and state governments, and traditionally, federal courts have not interfered with state courts in the area of land use policy." Id. (quoting Browning-Ferris, Inc. v. Baltimore Cnty., 774 F.2d 77, 79 (4th Cir. 1985)).

Here, the State of Hawaii and County of Kauai have established zoning laws in an attempt to dictate policy for land use. In this case, the laws specifically seek to create a uniform policy governing the use of private homes as vacation rentals. Policies governing residential vacation rentals are subject of significant local interest and important public

17

policy.

The federal court's review of local laws governing the use of private residences as vacation rentals might disrupt local efforts to establish a coherent policy. Fireman's Fund Ins. Co., 87 F.3d at 297; Washington Gas Light Co. v. Prince George's Cnty. Council, 711 F.3d 412, 419-20 (4th Cir. 2013) (finding Burford abstention appropriate where federal court's decision might interfere with State or locality's land use policy); McLarty v. Borough of Ramsey, 270 F.2d 232 (3rd Cir. 1959) (finding the district court did not err in abstaining under Burford from a challenge to a local zoning ordinance); see Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 650 (2d Cir. 2009) (finding Burford abstention appropriate where important state policies were at issue).

## **CONCLUSION**

The Court invokes the doctrine of abstention pursuant to Burford v. Sun Oil Co., 319 U.S. 315, 317-18 (1943). The Court declines to rule on complex issues of state and local law arising out of a complicated county and state regulatory scheme.

As the case was removed from state court to federal court, it is appropriate to remand the case rather than dismiss. Emeryville Redevelopment Agency v. Clear Channel Outdoor, 2006 WL 1390561, *5 (N.D. Cal. May 22, 2006) (remanding an eminent domain

action based on Burford abstention); Wright and Miller, Fed. Prac. & Proc., § 4245 (3d ed. 2007)).

The case and all files herein are **REMANDED** to the Circuit Court of the Fifth Circuit, State of Hawaii for further proceedings.

IT IS SO ORDERED.

DATED: February 13, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Elizabeth Kendrick; Joe Chaulklin v. Planning Department of the County of Kauai; Sean Mahoney, in his official capacity as Chairperson of the Planning Commission; Planning Commission of the County of Kauai; Civ. No. 19-00024 HG-KJM; **ORDER ABSTAINING PURSUANT TO THE BURFORD DOCTRINE AND REMANDING PROCEEDINGS TO THE CIRCUIT COURT FOR THE FIFTH CIRCUIT, STATE OF HAWAII**